UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO DUQUE SEGURA, :
:
    Petitioner : No. 4:CV-10-1016
:
  vs. : (Petition Filed 05/12/10)
:
MARY SABOL, Warden, : (Judge Muir)
:
    Respondents :

**MEMORANDUM AND ORDER**

May 18, 2010

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**I.**     **Background**

Petitioner, a native and citizen of Guatemala, entered the United States, in 1999. (Doc. 1, petition).

On October 13, 2004, petitioner was convicted for

Possession of Drug Paraphernalia, a violation of 35 Pa.C.S.A. § 113-780(a)(32). Id.

On December 8, 2005, Segura was convicted for Contempt for Violation of Order of Agreement in violation of 23 Pa.C.S.A. § 6114(a), when he violated a protection from abuse order. Id.

On August 22, 2005, petitioner pled guilty to Driving Under the Influence of Alcohol. Id.

On August 1, 2009, petitioner was arrested, and charged with Assault and Harassment. Id. Petitioner states that the charges "were withdrawn at the request of the District Attorney." Id.

On August 24, 2009, petitioner was taken into ICE custody and charged with removability pursuant to § 237(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA"), as an alien who after being enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats or violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued,

2

and pursuant to § 237(a)(2)(B)(i) of the INA, as an alien who has been convicted of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance. Id.

Segura first appeared before the Immigration Court on January 13, 2010, at which time an order terminating proceedings was entered. Id.

On January 26, 2010 ICE filed a notice of appeal with the Board of Immigration Appeals ("BIA"). Id. ICE's appeal is currently pending before the BIA.[1]

On May 12, 2010, Segura filed the instant petition in which he challenges his continued detention. Id.

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B)

---

[1] Current information was obtained by the Court through use of the Immigration Court Information System, provided by the Executive Office for Immigration Review (EOIR).

specifically provides: The removal period begins to run on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6). However, in the instant action, the 90 day removal period has yet to begin. Because an appeal to the Board of Immigration Appeals is still pending, the 90 day removal period will not commence until the appeal is concluded. Thus, petitioner's request for release is prematurely before the Court.

Moreover, to the extent that petitioner challenges the constitutionality of 8 U.S.C. § 1226(c)(1)(B), which instructs the Attorney General to take into custody and detain any alien

4

who, like petitioner, is deportable by reason of having committed any offense covered in section 8 U.S.C. 1227(a)(2)(A)(ii),(A)(iii), (B), (C), or (D), while removal proceedings are pending, in Demore v. Hyung Joon Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention under § 1226(c) does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id at 524-529.

As in Demore, removal proceedings against petitioner are still pending. Therefore, his detention is both mandatory and constitutionally permissible. Accordingly, the petition for writ of habeas corpus will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

s/Malcolm Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO DUQUE SEGURA, :
:
       Petitioner : No. 4:CV-10-1016
:
  vs. : (Petition Filed 05/12/10)
:
MARY SABOL, Warden, : (Judge Muir)
:
       Respondents :

**ORDER**

May 18, 2010

    For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice as premature.

2. Petitioner's application for issuance of Order to Show Cause is **DISMISSED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

                      s/Malcolm Muir
                      MUIR
                      United States District Judge